# EXHIBIT A



# Service of Process Transmittal
02/11/2019
CT Log Number 534896060

| | |
|---|---|
| **TO:** | Donna Boyd<br>First Financial Asset Mgnt<br>3091 Governor Lake Drive, Suite 500<br>Norcross, GA 30071 |
| **RE:** | **Process Served in Utah** |
| **FOR:** | First Financial Investment Fund VI, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Crystal Lawrence, etc., Pltf. vs. First Financial Investment Fund V, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Third Judicial District Court, Salt Lake County, West Jordan Department, UT<br>Case # 190901033 |
| **NATURE OF ACTION:** | On information and belief, the classes are so numerous that joinder of all members in not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of the Defendant. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/11/2019 at 10:59 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Tyler B. Ayres<br>AYRES LAW FIRM<br>12339 S. 800 E. Ste. 101<br>Draper, UT 84020<br>801-255-5555 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/11/2019, Expected Purge Date: 02/16/2019<br><br>Image SOP<br><br>Email Notification,  Bob Chalavoutis  rchalavoutis@1fam.com<br><br>Email Notification,  Donna Boyd  dkboyd@1fam.com |
| **SIGNED:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>1108 East South Union Avenue<br>Midvale, UT 84047<br>212-590-9070 |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Tyler B. Ayres, Bar No. 9200
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Tyler@AyresLawFirm.com
Attorneys for Plaintiff

TIME 1036  DATE 2-11-20[?]
SERVED _Dan Snow_
RELATIONSHIP CT [Corporate System]
ADDRESS 1108 E South Union Hwy
    _Jellicen_   SERVER
ID's LEGAL PROCESS LLC    964-9393

# THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| Crystal Lawrence,<br><br>On behalf of Plaintiff and Class,<br><br>vs.<br><br>First Financial Investment Fund V, LLC,<br><br>Defendant. | **SUMMONS**<br><br>Case No: 190901033<br><br>Judge: Katie Bernards-Goodman |

TO:   First Financial Investment Fund V, LLC
      c/o  CT Corporation System, Registered Agent
      1108 E. South Union Ave.
      Midvale, UT  84047

You are summoned and required to answer the attached Complaint. Within 21 days after service of this summons (30 days if served outside of the state of Utah), you must file your written answer with the clerk of the court at the court address shown above. Within that same time, you must mail or deliver a copy of your answer to the party or the party's attorney at the address shown above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint/petition, which has been filed with the clerk of the court.

DATED this 7th day of February 2019.

AYRES LAW FIRM

/s/    Tyler B. Ayres
Attorneys for Plaintiffs

Tyler B. Ayres, Bar No. 9200
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Tyler@AyresLawFirm.com
Attorneys for Plaintiff

## THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| Crystal Lawrence,<br><br>On behalf of Plaintiff and Class,<br><br>vs.<br><br>First Financial Investment Fund V, LLC,<br><br>Defendant. | **COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>Case No: 190901033<br><br>Judge: |

Crystal Lawrence (Lawrence), by and through her attorney, for her Complaint against Defendant, First Financial Investment Fund V, LLC, (First Financial), demands a jury trial and complains of Defendant as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all civil matters occurring in the State of Utah pursuant to Utah Code § 78A-5-102(1).

2. Venue is proper because the cause of action arose in Salt Lake County, State of Utah.

3. Defendant is subject to personal jurisdiction within the State of Utah because First Financial engaged in debt collection activities within the State of Utah.

### PARTIES

4. Plaintiff Lawrence is an individual who resides in the State of Utah.

5. Defendant First Financial is a Delaware limited liability company with its principal office located at 3091 Governors Lake Drive #500, Norcross, GA, 30071. First Financial regularly transacts business within the State of Utah.

6. First Financial's business is to acquire debts in default and then pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails. Any debt of Lawrence that First Financial alleges it acquired was in default when First Financial acquired it.

7. First Financial is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6).

8. None of the exceptions to the term "debt collector" under the FDCPA apply to First Financial.

## GENERAL ALLEGATIONS

9. This case has to do with the prosecution of bogus debt collection actions by First Financial when it did not have the right to engage in the business of debt collection in the State of Utah. In furtherance of its debt collection business, First Financial improperly filed actions before courts in Utah to obtain judgments against Plaintiff and Plaintiffs Class members (defined in ¶¶ 42-50 below). First Financial achieved its goal through the use of high volume, repeat cases which have clogged the courts and to obtain its bogus judgments through the use of non-compliance with Utah laws regulating debt collection. By using the court system for its improper purposes, First Financial has violated the Fair Debt Collection Practices Act and have been unjustly enriched and permitted to engage in the business of debt collection in Utah when it was not licensed to do so.

10. By filing lawsuits in the State of Utah without first acquiring the necessary license for debt

collection, First Financial engaged in "action that cannot be legally taken" in violation of the FDCPA.

11. The judgments improperly obtained by First Financial in Utah are void because First Financial lacked standing in Utah to collect those debts before it obtained the mandatory license required by Utah law. Without the mandatory license it was not legally entitled to payment on the notes and had suffered no protectable injury which was required for it to obtain the jurisdiction of the state courts. The failure to object to the lack of standing by the Plaintiffs class members who either defaulted or consented to judgment does not impact this rule. Parties cannot confer subject matter jurisdiction by consent, waiver or estoppel.

12. In a related matter before the U.S. District Court of Maryland involving the Defendant, *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 369 (D. Md. 2010), the Honorable Catherine C. Blake found that the Plaintiffs in that action, who are not Class members, were permitted to pursue claims against LVNV under federal and state law "when it filed complaints in Maryland state court against…the putative class members [when]…LVNV had failed to become licensed as a "collection agency" by the Maryland Commissioner of Financial Regulation prior to filing the lawsuits, as required by Maryland law, Md. Code Ann., Bus. Reg. § 7–301."

13. Plaintiff alleges that part of the injury sustained by her and the Plaintiffs class members as a result of the state court judgments obtained by First Financial against them included the assessment of a purported debt sum, interest, and costs (including attorney fees) against them. The damage arose from the existence of the judgments reflecting a judgment that was void and/or the enforcement of the judgments by garnishment, or payments collected through threat based on the judgments, which caused, actually and proximately, the injury

for which the Plaintiff seeks redress.

**The Proliferation of Debt Collection Irregularities**

14. This case arises from a systematic, intentional, and predatory debt collection business of Defendant First Financial against vulnerable Utah consumers without the mandatory license required by the State of Utah.

15. Defendant First Financial allegedly acquires consumer debts in default for pennies on the dollar and then engages in the business of debt collection including trying to collect the debt by filing lawsuits before Utah courts when it did not have the legal authority to engage in the business of debt collection in the State of Utah. First Financial continues to operate without a license thus (i) skirting the requirements easily complied with by other similarly situated companies engaged in the business of debt collection in Utah, which provided First Financial an improper advantage over those who followed the law and (ii) avoiding the mandatory protections intended for Utah consumers by the legislature and regulatory authority.

16. The non-partisan Government Accounting Office (GAO) recently summarized public enforcement of this kind of scheme as follows:

> our analysis of information provided by the National Association of Attorneys General found at least 60 enforcement actions were taken by state attorneys general against debt collection companies from January 2006 through May 2009, of which 28 involved or may have involved the collection of credit card debt. These actions alleged a variety of illegal debt collection practices, such as deducting money from consumers' bank accounts without authorization, **operating in states without proper licenses**, and refusing or failing to provide consumers with proof of their debts. Generally, state attorneys general either negotiated a settlement with the debt collection company or brought a court action against the company. Settlements included penalties such as refunds to consumers, cancellation of consumers' debts, civil penalties, and injunctive relief aimed at preventing future collection violations.

GAO Report, Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology, September 2009 (available at

http://www.gao.gov/new.items/d09748.pdf) at Pages 38-39 (emphasis added).

17. First Financial was a "collection agency" as defined by Title 12 Collection Agencies. First Financial directly participated in collection efforts by filing lawsuits, providing documents relating to the lawsuits and otherwise acting through its authorized agents to collect consumer debts.

**Utah's Licensing Requirements for a Debt Collector License**

18. Utah Code Ann. 12-1-1 provides:

> *No person shall conduct* a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, *unless at the time of conducting the collection agency*, collection bureau, collection office, or collection business, or of advertising or soliciting, *that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.*

(Emphasis added)

19. However, First Financial does not have the mandatory license required by Utah law but continued its business of collecting dates acquired in default and filed collection lawsuits in Utah courts without the right to do so.

20. According to public records, First Financial engaged directly in collection activities in more than a 1,000 occurrences in the State of Utah during the class period by taking actions, in the form of collection lawsuits, to collect debts from Plaintiffs Class members. In these lawsuits First Financial actively and directly participates by acting as the named party in the litigation and providing purported affidavits and other papers in support of the complaint to the state courts.

**Facts Related to Plaintiff Lawrence**

21. Without the legal right or Collection Agency license to do so, on June 6, 2018, First Financial continued its business of collecting debts when it filed a consumer debt collection action in the Third Judicial District Court of Utah, Salt Lake Division against Lawrence styled as *First Financial Investment Fund v.* Lawrence, Case No. 189910365 ("Lawrence Action").

22. At the time of filing of the Lawrence Action, First Financial did not have a license as a Collection Agency as required under Utah law.

23. In the Lawrence Action the District Court of Utah did not determine if it in fact had jurisdiction over the parties or whether First Financial had any right to file the debt collection action.

24. First Financial brought the action based on a debt that it had purchased from a medical provider.

25. First Financial obtained a judgment of $2,492.17 on September 18, 2018.

26. First Financial filed a satisfaction of judgment on October 25, 2018.

## FIRST CLAIM FOR RELIEF
*Violation of the FDCPA*
*Individual and Class Claim*

27. Plaintiff incorporates by reference all preceding paragraphs.

28. Defendant engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f, by engaging in an action that cannot legally be taken where First Financial pursues debt collection via filing lawsuits in Utah without the necessary Collection license.

29. Section 1692e provides:

§1692 e.    False or Misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...

(2) The false representation of—

(A) The character, amount, or legal status of any debt;...

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

30. Section 1692f provides:

§ 1692f.    Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt...

## SECOND CLAIM FOR RELIEF
*Violation of the Utah Consumer Sales Practice Act*
*Individual and Class Claim*

31. Plaintiff incorporates by reference all preceding paragraphs.

32. The Utah Consumer Sales Practices Act is to be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices and to protect suppliers who in good faith comply with the provisions of this act. UTA § 13-11-2(2) and (6).

33. Defendant First Financial's practice of collecting debts without a license as required in Utah is a deceptive practice designed to take advantage of consumers who may not know that First Financial has not acquired the proper license to collect debts in Utah. Defendant did not disclose that it did not have the requisite license when it filed suit against Utah

consumers in an attempt to collect on purchased debts.

34. Defendant First Financial also received an unfair advantage over other suppliers who follow the law and either go to the cost and expense of attaining compliance with Utah's laws or do not collect debts in Utah.

35. Defendant First Financial purposefully engaged in these activities knowingly and intentionally to harm consumers and gain an advantage over its competitors.

36. Plaintiff seeks a declaration on behalf of Plaintiff class members, that since Defendant First Financial was acting unlawfully as an unlicensed collection agency, First Financial: (i) did not have legal standing to pursue recovery on assigned debts through litigation; (ii) did not have legal standing to obtain any judgment in Utah Courts against Plaintiff's Class Members and those judgments should be declared (a) void and unenforceable and (b) First Financial should not be entitled to collect any sums on those judgments or debts related to the Plaintiff Class members.

37. Defendant First Financial should be ordered to disgorge all sums collected on a judgment amounts from the Plaintiff Class member's amounts that First Financial obtained as a result of the judgments entered improperly against the Plaintiff Class Members while it acted illegally as a collection agency without a license.

38. Defendant should be enjoined from attempting to collect any judgment amounts entered improperly against the Plaintiff Class Members in its favor, while it acted illegally as a collection agency without a license.

39. Alternatively a declaration that the Defendant First Financial is not entitled to the assistance of any Utah court to enforce the principal amount due under any judgment First Financial obtained improperly.

40. Lawrence is further entitled to statutory damages of $2,000 or her actual damages (whichever is greater) under the Utah Consumer Sales Practice Act.

41. Lawrence has suffered emotional distress as a result of the litigation pursued by Defendant.

42. Defendant's litigation has caused Lawrence anxiety and distress that has resulted in physical manifestations.

## CLASS ALLEGATIONS

43. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

44. The "FDCPA Class" consists of (a) all individuals in Utah (b) against whom First Financial (c) filed a lawsuit seeking to collect a debt (d) which litigation was commenced in the (1) year period immediately preceding the filing of this complaint.

45. The "Utah Class" consists of (a) all individuals in Utah (b) against whom First Financial (c) filed a lawsuit seeking to collect a debt (e) which litigation was commenced in the (4) year period immediately preceding the filing of this complaint.

46. On information and belief, the classes are so numerous that joinder of all members in not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of the Defendant.

47. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether Defendant could lawfully pursue litigation in Utah without the necessary collection license; (b) whether pursuing litigation in an effort to collect a debt without the necessary collection license constitutes a violation of the FDCPA; and (c) whether such practices violate the Utah Consumer Sales Practices Act.

48. Plaintiff's claim is typical of the claims of the respective class members. All are based on the same factual and legal theories.

49. Plaintiff will fairly and adequately represent the members of each class. Plaintiff has retained counsel experienced in consumer class actions and FDCPA litigation.

50. A declaration of law and injunctive relief is appropriate for the members of the Utah Class.

51. A class action is superior for the fair and efficient adjudication of the claims of the FDCPA and Utah class, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be an enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

   (1) Certify the FDCPA Class and appoint plaintiff as the class representative and her counsel as class counsel;

   (2) Certify the Utah Class and appoint plaintiff as the class representative and her counsel as class counsel;

   (3) Award the FDCPA Class statutory damages and actual damages consisting of any amount collected by the Defendant;

   (4) Grant the Utah Class declaratory and injunctive relief against Defendant to stop Defendant from harming consumers and providing them with an unfair advantage over its competitors by engaging in collection efforts without a license; including a preliminary and permanent injunction;

   (5) Award Plaintiff her actual or statutory damages in an amount to be determined at trial;

(6) Attorney's fees, litigation expenses, and cost of suit; and

(7) Such other and further relief as the Court deems proper.

DATED: January 28th, 2019.

AYRES LAW FIRM

/s/   Tyler B. Ayres
Attorneys for Plaintiff